UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMIAN RAMIREZ DE LA CRUZ (A-079-752-391,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-04550-DC-CSK

FINDINGS & RECOMMENDATIONS

Petitioner Damian Ramirez De La Cruz (A-079-752-391), a native and citizen of Cuba who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On or about July 14, 2004, petitioner entered the United States as a lawful permanent resident. On January 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained petitioner following his arrest by local authorities. On May 22, 2026, an immigration judge ordered him removed. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be denied.

///

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner entered the United States on or about July 14, 2004 as a lawful permanent resident when he was six years old. (ECF No. 6-1 at 2.) Petitioner has a lengthy criminal history and has been arrested and convicted by local authorities on multiple occasions for different charges. (See ECF No. 6-4.) On January 24, 2024, petitioner was placed on 36 months of probation for charges of child neglect and false name to law enforcement officer. (Id. at 5.) On August 8, 2024, petitioner's probation was revoked and he was convicted of child neglect. (Id. at 19-20.) On August 8, 2024, petitioner was also convicted of additional offenses, including grand theft of a motor vehicle, felony fleeing to elude, possession of a controlled substance, resisting officer without violence, burglary of an occupied dwelling, and criminal mischief. (Id. at 30.)

On December 26, 2025, ICE officials lodged an immigration detainer with the Florida Department of Corrections. (ECF No. 6-1.) On January 5, 2026, ICE officials served petitioner with a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 6-2.) The Notice to Appear charged him as removable under INA Section 237(a)(2)(E)(i) (8 U.S.C. U.S.C. § 1227(a)(2)(E)(i)), as a noncitizen at any time after admission convicted of a crime of domestic violence, crime of stalking, or crime of child abuse, child neglect, or child abandonment, and INA Section 237(a)(2)(B)(i) (8 U.S.C. § 1227(a)(2)(B)(i)) as a noncitizen at any time after admission convicted of a violation of a law relating to a controlled substance. (Id. at 4.) On January 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained petitioner. (ECF No. 1 at 4) On May 22, 2026, an immigration judge ordered petitioner removed. (ECF No. 6-3.) The record indicates petitioner did not appeal that decision. (ECF No. 6-5.)

///

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

## II. PROCEDURAL BACKGROUND

On June 12, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On June 25, 2026, respondent timely filed an answer to the petition. (ECF No. 6.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention based on the following: (1) a violation of the INA; (2) a violation of the Fifth Amendment Due Process clause; (3) a claim that the government has failed to establish a significant likelihood of his removal in the reasonably foreseeable future; and (4) a claim that his detention no longer serves a legitimate purpose. (ECF No. 1 at 6-7.) Respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(2) as he is subject to a final order of removal and the 90-day removal period has not expired. (ECF No. 6 at 3.) Therefore, there is no prejudice to respondent in the Court's construction.

### A. Detention Authority

The parties agree that petitioner is subject to a final order of removal. (ECF No. 1 at 4;

ECF No. 3.) Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). ICE "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

Here, the immigration judge ordered petitioner removed on May 22, 2026. (ECF No. 6-3.) The immigration judge's decision reflects that petitioner reserved appeal, and the appeal period expired on June 22, 2026. (Id. at 4.) Petitioner indicated that he did not file an appeal, and the record reflects no appeal was received. (ECF No. 1 at 5; ECF No. 6-5.) Accordingly, petitioner's removal order became final on June 23, 2026, after the appeal period expired. See 8 U.S.C. § 1101(a)(47)(B).

The 90-day mandatory § 1231(a)(2) removal period began on June 23, 2026 and ends on September 21, 2026. As petitioner is still within the 90-day removal period, he remains subject to mandatory detention until the expiration of the removal period. 8 U.S.C. § 1231(a)(2); Zadvydas, 533 U.S. at 698 (the statute "mandates detention of certain criminal aliens during the removal proceedings and for the subsequent 90-day removal period"). Accordingly, the Court finds the petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

### C. Petitioner's Other Claims for Relief

The Court declines to reach petitioner's due process claims as the Ninth Circuit has found that detention during the 90-day removal period pursuant to U.S.C. § 1231(a)(2) passes constitutional scrutiny. See Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). The

Court also declines to reach petitioner's claims regarding indefinite detention and the likelihood of his removal under the Zadvydas framework where this record reflects he remains detained pursuant to the mandatory 90-day removal period. See id. (the Zadvydas due process analysis does not extend to § 1231(a)(2) where the danger of "indefinite, perhaps permanent" civil confinement does not exist when the government is holding a noncitizen under § 1231(a)(2), a provision authorizing detention for 90 days only) (citing Zadvydas, 533 U.S. at 699).

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED without prejudice to its refiling following the lapse of the 90-day mandatory detention period set by 8 U.S.C. § 1231(a)(2).
2. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/rami4550.2241.imm/9